# Pulsifer *v.* McDaniel & Son.

*Homestead Exemption.*

(Decided Nov. 24, 1910. 53 South. 772.)

*Appeal and Error; Moot Question.*—Where an appeal was taken from a judgment subjecting certain lands to the claims of creditors and pending said appeal claimant filed his homestead exemptions as to some of the land, upon a reversal of the decree in the original cause, and a dismissal of the bill, the question of homestead claim became a moot question, and an appeal from an order taken therein will be dismissed.

APPEAL from Autauga Chancery Court.
Heard before Hon. W. W. PEARSON.

[Pulsifer v. McDaniel & Son.]

McDaniel & Sons filed a bill against Pulsifer and others to have certain lands sold to pay off certain judgments, and certain deeds made to said lands, declared fraudulent and void as against creditors. A decree was entered granting the relief prayed, and an appeal taken, and pending said appeal Pulsifer filed this petition for homestead exemption in some of the land. The original decree was reversed and the bill dismissed. From an order made on the petition for homestead exemption, petitioner appeals. Appeal dismissed.

GUNTER & GUNTER, and C. E. O. TIMMERMAN, for appellant. No brief reached the Reporter.

JOHN V. SMITH, and BALLARD & THOMAS, for appellee. No brief reached the Reporter.

EVANS, J.—This case sub judice is the contest of a claim of homestead exemption to certain lands lying in Autauga county, Ala. The claim and contest arose from the fact that the contestants in this case filed a bill in equity in Autauga county against the claimant and certain other respondents to have a deed of conveyance of certain lands executed by claimant to his brothers and sister declared fraudulent and void as against the complainants in said bill, who were his creditors, and to have said lands sold to pay off certain judgments which said complainants held against the claimant here, the said Frank E. Pulsifer. Upon the final hearing of that case on May 11, 1909, the court granted the relief as prayed for. In pursuance of said decree, the register in chancery advertised the lands thus decreed to be sold for sale on June 26, 1909. Thereupon the claimant here filed his petition in this case, and his claim of homestead exemptions in some of the lands decreed to be sold by the decree of date May 11, 1909. The respondents

[Russell, et al. v. Bell, et al.]

took an appeal to this court from the decree in the former case, under which these lands were decreed to be sold, and the decree was reversed, and the bill was dismissed. Such being the case, this contest becomes but a moot question.

The appeal is dismissed, at the cost of appellee.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.